UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23011-KMM

TASH JERNAZIAN,

    Plaintiff,

v.

MIAMI-DADE VICTIM ADVOCATE
SERVICES,

    Defendant.
_____ /

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff Tash Jernazian, who is proceeding *pro se*, brings this action against Defendant Miami-Dade Victim Advocate Services. (ECF No. 1). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters, except for any motion for relief affecting the district court's scheduling order. (ECF No. 5). Having reviewed the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for the reasons set forth below.

**I.    DISCUSSION**

Plaintiff Tash Jernazian commenced this action against Defendant Miami-Dade Victim Advocate Services on September 20, 2022. In the Complaint (ECF No. 1), Plaintiff claims that Defendant "caused them domestic violence" when Defendant unnecessarily "extradited an

1

unnamed New York person to face felony charges in Miami-Dade [C]ounty." (*Id.* at 2). According to Plaintiff, this unnamed individual was released on bond and vandalized thousands of dollars of Plaintiff's property before returning to New York. (*Id.*). When Plaintiff contacted the Miami-Dade County Attorney's Office seeking funds for victims of crimes, Plaintiff was told the office only prosecutes crimes. (*Id.*). Accordingly, Plaintiff seeks $105,000.00 in punitive damages for the domestic violence Plaintiff experienced. (*Id.*).

The Complaint is deficient in multiple respects. First, the Complaint lacks sufficient factual context, as it does not allege facts explaining the role the named defendant had in the harm and domestic violence that Plaintiff purportedly experienced. Second, the Complaint fails to allege a basis for this Court's jurisdiction. The Court also observes that the Complaint seeks punitive damages for domestic violence in the exact same amount Plaintiff seeks in another case—*Jernazian v. Miami-Dade Public Library System*, No. 1:22-cv-23023-KMM (S.D. Fla. 2022)—which was filed the same day as this case and, likewise, also fails to allege sufficient factual context and allege a basis for this Court's jurisdiction.

Moreover, Plaintiff has failed to comply with this Court's orders. The Court recommends that the case be dismissed without prejudice on this basis. On September 27, 2022, the Court entered an Order to Show Cause (ECF No. 6), observing that Plaintiff had failed to file a civil cover sheet upon initiating this action, in violation of Local Rule 3.3, and had further failed to file the civil cover sheet within 24 hours after being instructed to do so by the Clerk of Court. Consequently, the Court ordered Plaintiff to show good cause why Plaintiff failed to comply with the Clerk of Court's instruction to file a Notice, attaching the completed civil cover sheet, within 24 hours. The Court's Order to Show Cause permitted Plaintiff to, in the alternative, file the completed civil cover sheet.

Plaintiff's response to the Court's Order to Show Cause, or the completed civil cover sheet in the alternative, was due on or before October 7, 2022.  (ECF No. 6 at 2).  Plaintiff was warned that "failure to respond or otherwise comply with this Order to Show Cause shall result in a recommendation to the district judge that the Complaint be dismissed without prejudice for failure to comply with a court order."  (*Id.*) (citing *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017)).  However, review of the record reveals that, to date, Plaintiff has failed to respond to the Court's Order to Show Cause, or otherwise file a Notice, attaching a civil cover sheet.  Accordingly, the Court may dismiss this action without prejudice for failure to comply with Court orders.  *See Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *see also* Fed. R. Civ. P. 41(b).

## II. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** in its entirety for failure to comply with Court orders, that this case be closed, and that Plaintiff be permitted to reopen this case upon the filing of a Civil Cover Sheet in compliance with the Local Rules.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 1st day of November, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore

     Tash Jernazian
     3610 NE 1st Avenue
     Unit C
     Miami, FL 33137
     PRO SE